IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                      No. CV 14-0585 JP/GBW
                                                              CR 92-0552 JP

ELLISTON CALLWOOD,

    Defendant.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

       This matter is before the Court, *sua sponte* under rules 4(b) and 11(a) of the Rules Governing Section 2255 Proceedings, on Defendant's Motion to Dismiss Case (CR Doc. 177), filed in the criminal case on December 30, 2013, and his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (CV Doc. 1; CR Doc. 180), filed on June 23, 2014. The Court will dismiss the motions.

       On February 24, 1997, Defendant filed his first § 2255 motion (CR Doc. 152), which the Court denied (CR Doc. 168) on December 31, 1997. On two subsequent occasions (CR Docs. 173, 176), the Court of Appeals for the Tenth Circuit denied Defendant's requests for authorization to file a second or successive § 2255 motion. Undeterred, Defendant has filed the two motions now pending on the docket.

       The Court may not rule on Defendant's motion to dismiss the indictment against him. "We have repeatedly held that a motion to dismiss an indictment, pursuant to Fed. R. Crim. P. 12(b)(2), must be filed before final judgment; after that time a pleading challenging the adequacy

of an indictment is properly deemed a § 2255 motion." *United States v. Preciado-Quinonez*, 53 F. App=x 6, 7 (10th Cir. 2002). Because Defendant has been denied authorization to file a second or successive § 2255 motion, the Court declines to recharacterize the motion to dismiss. *See United States v. Valadez-Camarena*, 402 F.3d 1259, 1261 (10th Cir. 2005); *United States v. Duggins*, 478 F. App=x 532, 533 (10th Cir. Sept. 13, 2012). The motion to dismiss will be dismissed for lack of jurisdiction.

Nor may the Court rule on Defendant's claims in his § 2255 motion. He asserts that the Supreme Court's recent decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), recognized his claim of unconstitutional minimum sentence as a new right. The Supreme Court has not, however, made its decision in *Alleyne* retroactive. *See In re Payne*, 733 F.3d 1027, 1029 (10th Cir. 2013) (noting that "[the rule in *Alleyne*] has not been 'made retroactive to cases on collateral review.' "). Because the *Alleyne* decision does not apply retroactively to Defendant's sentence, and, again, because he has been denied authorization to file a second or successive § 2255 motion, the Court declines to transfer the motion to the Court of Appeals for the Tenth Circuit. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (applying factors in *Trujillo v. Williams*, 465 F.3d 1210, 1223 n. 16 (10th Cir. 2006), in deciding whether to transfer or dismiss a second or successive motion). The § 2255 motion will be dismissed for lack of jurisdiction.

Furthermore, under rule 11(a) of the Rules Governing Section 2255 Cases, the Court determines *sua sponte* that Defendant has failed to make a substantial showing that he has been denied a constitutional right. The Court will therefore deny a certificate of appealability.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss Case (CR Doc. 177), filed in the criminal case on December 30, 2013, and his Motion Under 28 U.S.C. § 2255 to

Vacate, Set Aside, or Correct Sentence (CV Doc. 1; CR Doc. 180), filed on June 23, 2014, are DISMISSED for lack of jurisdiction; a certificate of appealability is DENIED; and judgment will be entered.

*James A. Parker*
UNITED STATES DISTRICT JUDGE