# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                                No. 92-CR-00552-JAP-LF
                                                      No. 17-CV-00874-JAP

ELLISTON CALLWOOD,

    Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

On August 22, 2017, Defendant Elliston Callwood filed his **MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT TO RESTORE A DIRECT APPEAL—REINSTATE (MOTION),** [CR Doc. 203].. On August 24, 2017, Defendant filed a Motion For Leave To Proceed On Appeal Without Prepayment of Costs or Fees [CR Doc. 204] and on September 25, 2017 a Motion To Correct Error To Take Judicial Notice (FRCRP 36, FRE 201) [CR Doc. 206]. For the following reasons, Defendant's **MOTION,** as well as his two later filed related motions, will be dismissed without prejudice for lack jurisdiction. A certificate of appealability will be denied. A separate judgment will be entered.

## I.    BACKGROUND

Defendant was convicted, following a jury trial, of multiple drug-related offenses and three counts of possessing a firearm to facilitate drug-trafficking in violation of 18 U.S.C. § 924(c)(1). [CR Doc. 139] The Court sentenced Defendant to a total term of thirty-three (33) months of imprisonment for his drug-related offenses, a consecutive term of sixty (60) months for his first

§ 924(c)(1) conviction, a consecutive term of two hundred forty (240) months for his second § 924(c)(1) conviction, and a consecutive term of two hundred forty (240) months for his third § 924(c)(1) conviction. [CR Doc. 139] The Court rendered judgment on Defendant's convictions and sentences on June 3, 1994. [CR Doc. 139] The United States Court of Appeals for the Tenth Circuit affirmed Defendant's convictions and sentences on direct appeal. [CR Doc. 146; *see United States v. Callwood*, 66 F.3d 1110 (10th Cir. 1995)].

On December 12, 1996, Defendant filed his first motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, alleging "ineffective assistance of counsel and various errors by the trial court and claimed that his firearms convictions were invalid under *Bailey v. United States*, 516 U.S. 137, 116 S. Ct. 501, 133 L. Ed. 2d 472 (1995)." *United States v. Callwood*, No. 98-2021, 1998 WL 647649, at *1 (10th Cir. Sept. 14, 1998) (unpublished)[1]; *see also* CR Doc. 148. On December 31, 1997, the Court denied Defendant's § 2255 motion. [CR Doc. 168] The United States Court of Appeals for the Tenth Circuit denied Defendant's request for a certificate of appealability and dismissed his appeal. *Id.*

On December 8, 2005, Defendant filed a motion in the United States Court of Appeals for the Tenth Circuit, requesting permission to file a second or successive § 2255 motion in light of *Bailey v. United States*, 516 U.S. 137 (1995). [CR Doc. 171] The Court of Appeals denied Defendant's request for permission to file a second or successive § 2255 motion, because Defendant's claims were not based on newly discovered evidence nor were they based on a new rule of constitutional law, since Defendant had "relied on *Bailey* in his § 2255 motion." [CR Doc. 173 at 3]

---

[1] "[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *St. Louis Baptist Temple, Inc. v. Federal Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979).

Since that time, Defendant has filed five more requests for authorization to file second or successive § 2255 motions in the Court of Appeals, all of which have been denied. *See Callwood v. United States*, No. 99-2270 (10th Cir. September 29, 1999); *Callwood v. United States*, No. 02-2209 (10th Cir. 2002) (September 10, 2002); *Callwood v. United States*, No. 06-2119 (10th Cir. May 3, 2006); *In re: Callwood*, No. 11-2111 (10th Cir. July 6, 2011); *In re: Callwood*, 16-2138 (10th Cir. July 5, 2016). Additionally, Defendant has filed multiple second or successive § 2255 motions in this Court, as well as various requests for post-conviction relief, all of which have been dismissed for lack of jurisdiction. [CR Docs. 180, 181, 182, 185, 188, 190, 191]

In his present **MOTION,** Defendant asks the Court to restore his right to a direct appeal because his § 924(c) convictions and sentences are invalid in light of *Bailey v. United States*, 516 U.S. 137 (1995), *United States v. Miller*, 84 F.3d 1244 (10th Cir. 1996), *United States v. McKinnell*, 888 F.2d 669 (10th Cir. 1989), *United States v. Moore*, 958 F.2d 310 (10th Cir. 1992), the trial court's failure to apply the rule of lenity, and the trial court's failure properly to instruct the jury on "subsequent" § 924(c) convictions. [CR Doc. 203] Defendant also filed a Motion To Correct Error Motion To Take Judicial Notice (FRCRP 36, FRE 201), asking the Court to correct "clerical errors in the Court's order and transfer to the U.S. Court of Appeals Tenth Circuit of his" **MOTION** because it "is not a successive motion as he has never before moved any Court to reinstate his Direct Appeal rights." [CR Doc. 206 at 1]

## II. DISCUSSION

The term "second or successive" is a habeas "term of art." *Magwood v. Patterson*, 561 U.S. 320, 332 (2010) (quoting *Slack v. McDaniel*, 529 U.S. 473, 486 (2000)). A § 2255 motion is "second or successive" if it asserts claims that previously were raised, or could have been raised, in

3

a prior § 2255 proceeding. *See United States v. Rogers*, 562 F. App'x 618, 619 (10th Cir. 2014) ("A prisoner's post judgment motion is treated as a second or successive § 2255 motion—and is therefore subject to the authorization requirements of § 2255(h)—if it asserts or reasserts claims of error in the prisoner's conviction or sentence") (unpublished). All of the claims in Defendant's **MOTION** previously were raised or could have been raised in his prior § 2255 proceedings and, therefore, the Court concludes that Defendant's **MOTION** is second or successive.

"A district court does not have jurisdiction to address the merits of a second or successive § 2255 or 28 U.S.C. § 2254 claim until [the United States Court of Appeals for the Tenth Circuit] has granted the required authorization." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam); *see* § 2255(h) (requiring a second or successive motion to "be certified as provided in section 2244 by a panel of the appropriate court of appeals"). A district court may, however, "transfer the matter to [the United States Court of Appeals for the Tenth Circuit] if it determines it is in the interest of justice to do so under [28 U.S.C.] § 1631, or it may dismiss the motion or petition for lack of jurisdiction." *In re Cline*, 531 F.3d at 1252.

> Factors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* at 1251. "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter . . . for authorization." *Id.* at 1252. To be meritorious, a second or successive § 2255 motion must be based on:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear

4

>and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
>(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

§ 2255(h)(1)-(2).

The Court concludes that Defendant's **MOTION** lacks merit because it is not based on newly discovered evidence or a new rule of constitutional law. Indeed, Defendant's claims seeking relief under *Bailey* were raised and addressed in his prior § 2255 proceeding and Defendant's repeated requests to raise additional claims under *Bailey* and its progeny have been denied by the United States Court of Appeals for the Tenth Circuit. Therefore, Defendant's **MOTION** as well as his two related motions, will be dismissed without prejudice for lack of jurisdiction.

Defendant has been informed repeatedly that this Court lacks jurisdiction over a second or successive § 2255 motion filed without the requisite authorization of the United States Court of Appeals for the Tenth Circuit, yet he nonetheless persists in filing post-conviction motions challenging his convictions and sentences. Defendant is cautioned that "[t]he right of access to the courts is not absolute or unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *In re Winslow*, 17 F.3d 314, 315 (10th Cir. 1994). "There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989). Defendant is notified that, if he continues to file second or successive § 2255 motions without first obtaining the requisite authorization of the Court of Appeals, the Court will consider imposing filing restrictions at some point in the future.

When a district court enters a final order adverse to the applicant in a habeas proceeding, the court "must issue or deny a certificate of appealability." Rule 11 of the Rules Governing Section 2255 Proceedings For the United States District Courts. To be entitled to a certificate of appealability, an applicant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Reasonable jurists could not debate this Court's conclusion that it lacks jurisdiction over Defendant's **MOTION** and, therefore, a certificate of appealability will be denied.

## III.  CONCLUSION

IT IS THEREFORE ORDERED that Defendant's **MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT TO RESTORE A DIRECT APPEAL--REINSTATE** [CR Doc. 203], Motion For Leave To Proceed On Appeal Without Prepayment of Costs or Fees [CR Doc. 204], and Motion To Correct Error To Take Judicial Notice (FRCRP 36, FRE 201) [CR Doc. 206] are DISMISSED without prejudice for lack of jurisdiction; a certificate of appealability is DENIED; and a separate judgment will be entered.

_____
UNITED STATES DISTRICT COURT JUDGE